**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS**
Central Records Office
301 South Ripley Street
P. O. Box 301501
Montgomery, AL 36130

FIRST CLASS

US POSTAGE PITNEY BOWES
ZIP 36104 $ 000.57⁰
02 4W
0000339217 AUG 08 2022

United States District Court
Southern District of Alabama
Clerk
155 St. Joseph Street
Mobile, Alabama 36602

366023683 C005

Case 1:22-cv-00285-TFM-N   Document 14   Filed 08/10/22   Page 2 of 5   PageID #: 96
Case 1:22-cv-00285-TFM-N   Document 3   Filed 07/20/22   Page 1 of 3   PageID #: 32

FILED AUG 10 '22 PM 3:48 USDCALS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE NATHAN JAMES, JR., ) | |
| AIS 0000Z610, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:22-cv-285-TFM-N |
| ) | |
| STEVE MARSHALL, ) | |
| Attorney General of Alabama, *et al.* ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Joe Nathan James, Jr, an Alabama state inmate, filed a Complaint under 42 U.S.C. § 1983 (Doc. 1) along with a Motion to Proceed without Prepayment of Fees (Doc. 2, filed 7/19/22), supported a certificate of his prison account balance dated 6/14/22. In accordance with the provisions of 28 U.S.C. § 1915(b)(1), a prisoner who seeks to proceed *in forma pauperis* in a civil action is required to pay the full amount of the requisite filing fee. However, where an inmate lacks the funds necessary to pay the entire filing fee upon initiation of the civil action and has money available to him, the court shall assess and collect an initial partial filing fee.

Plaintiff submitted certified financial information that provides the Court with information to determine the average monthly deposits to and average monthly balance of Plaintiff's inmate account prior to the filing of this complaint. This information reveals that Plaintiff lacks the funds necessary to pay the $350.00 filing fee. The documents further establish that for the six-month period immediately preceding the filing of the present complaint the average monthly deposits to Plaintiff's prison account were $0.00. Additionally, as of June 14, 2022, the average balance in Plaintiff's prison account was $3.17 and his current balance is $0.17. Thus, Plaintiff presently has

insufficient funds in his prison account to pay an initial partial filing fee. The Court notes that any further applications to proceed *in forma pauperis* will need to be updated with a date more recent in time than June 14, 2022 for the Certificate completed by the institution of incarceration. However, due to the short time frame for the issues arising in this case, the Court will accept the current certification for this case.

Therefore, in accordance with the provisions of 28 U.S.C. § 1915(b)(1) and (b)(2), it is **ORDERED** that:

1. Plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 2) is **GRANTED**.

2. At present, Plaintiff has insufficient funds in his prison account from which an initial partial filing fee can be assessed at this time. However, if those funds become available, Plaintiff shall make monthly payments of twenty percent (20%) of each preceding month's income and/or funds credited to his account as payments toward the $350.00 filing fee. The filing fee will be collected from any funds that become available to Plaintiff and will be forwarded to this court pursuant to the directives contained in this order.

3. Plaintiff's custodian shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00 until the $350.00 filing fee is paid in full. To aid Plaintiff and his custodian in complying with the requirements of this order, the Clerk is **DIRECTED** to furnish a copy of this order to the account clerk at the Holman Correctional Facility.

As reiterated in *Nance v. Ward, Comm'r Georgia Dep't Corrs.*, --- U.S. ---, --- S. Ct. ---, 2022 U.S. LEXIS 3054, 2022 WL 2251307 (Jun. 23, 2022), an action under § 1983 is the proper vehicle for method-of-execution challenge. It does not appear that in this particular case that Plaintiff is raising a challenge to the imposition of the death sentence itself, but rather the method

of execution and potentially a stay of execution pending resolution of Plaintiff's current legal cases. Therefore, for the time being, the Court will consider this matter raised under § 1983, though that determination is only preliminary at this time.

Importantly, the Court also notes that Plaintiff's execution date is set for July 28, 2022 which means an extremely short time frame to review and address the matters raised by the Plaintiff. As such, it is **ORDERED** that the Court is treating the Complaint as one containing a request for a Preliminary Injunction to which Defendants shall file a response to the preliminary injunction (stay of execution request) on or before **5:00 p.m. on Friday, July 22, 2022**. The response to the preliminary injunction is considered separate and distinct from any answer or other responsive pleading that may be filed and the expedited timeframe is not intended to curtail the standard response time required under Fed. R. Civ. P. 12. As part of that response, Defendant Steve Marshall is **DIRECTED** to specifically address the matter previously raised by this Court in Civ. Act. No. 1:22-cv-241-TFM regarding the Certificate of Judgment that controls this case and provide a verified copy of the Certificate of Judgment - especially as the Certificate of Judgment issue is raised in this case. Further, the Defendants are **DIRECTED** to provider a same-day copy of their respective responses to the Plaintiff.

Due to the expedited response time, the Clerk of Court is **DIRECTED** to send a copy of this information to Defendants by overnight expedited means to ensure they receive the information as soon as possible. In addition to the normal means of serving this Order and Complaint, the Court also authorizes the use of overnight delivery <u>and</u> email for notification purposes.

**DONE** and **ORDERED** this 20th day of July, 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
CLERK**
155 ST. JOSEPH STREET
MOBILE, ALABAMA 36602

OFFICIAL BUSINESS

MOBILE AL 366
20 JUL 2022 PM 2



quadient
FIRST-CLASS MAIL
IMI
$000.57
07/20/2022 ZIP 36602
043M31215214

Alabama Department of Corrections
301 South Ripley Street
P.O. Box 301501
Montgomery, Alabama 36130-1501

36130-150101