### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JOE NATHAN JAMES, JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:22-cv-285-TFM-N |
| ) | |
| STEVE MARSHALL, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On September 20, 2022, the Court issued an order directing the Defendant to show cause on or before September 30, 2022 why he failed to file an answer or other pleading despite the fact the execution of Plaintiff was carried out on July 28, 2022. *See* Doc. 15. In lieu of actually responding substantively to the Court's order, the Defendant simply filed a Suggestion of Death noting that Plaintiff was executed on July 28, 2022. No further documents were filed by the Defendant nor did it ever file an appropriate response to explain its inaction which frankly follows a pattern that concerns the Court about a seeming lack of concern regarding the seriousness of such cases and the Court's orders. Regardless, the Court turns its attention *sua sponte* to the issue at hand.

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1. *See Fla. Right to Life, Inc. v. Lamar*, 273 F.3d 1318, 1322 (11th Cir. 2001). "The 'case or controversy' requirement imposes justiciability limitations on federal courts, and these limitations include mootness." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citation omitted). "The question of mootness is a threshold inquiry in every case" and is a jurisdictional issue. *Id*. Put differently, "'an action that

is moot cannot be characterized as an active case or controversy,'" and dismissal is therefore mandated under those circumstances. *De La Teja v. United States*, 321 F.3d 1357, 1361-62 (11th Cir. 2003) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001)). Once a case becomes moot, "any decision on the merits would constitute an impermissible advisory opinion." *Nyaga*, 323 F.3d at 913 (citations omitted).

A case is moot when the court can no longer provide "meaningful relief" to the plaintiff. *Id.* Even where events occur subsequent to the filing of the complaint that deprive the court of its ability to render meaningful relief to the plaintiff, the case is moot and must be dismissed. *Fla. Pub. Interest Research Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1086 (11th Cir. 2004); *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004).

Plaintiff Joe Nathan James' execution on July 28, 2022 moots the claims in his complaint for declaratory and injunctive relief. Under the circumstances, this Court can no longer render meaningful relief, which mandates this action's dismissal as the case is moot.

Accordingly, it is **ORDERED** that this case is **DISMISSED without prejudice as moot**. The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** this the 27th day of April 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE